**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**UNION SECURITY LIFE
INSURANCE COMPANY**                                                                                               **PLAINTIFF**

**VERSUS**                                                                  **CIVIL ACTION NO. 2:06cv41KS-MTP**

**AZZIE MAE STARR**                                                                                                    **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion to Dismiss Complaint and Petition to Compel Arbitration **[#12]** filed on behalf of the defendant.  The court, having reviewed the motion, the response, the pleadings and exhibits on file, the briefs of counsel, the authorities cited and being fully advised in the premises finds that the motion is not well taken and should be denied.  The court specifically finds as follows.

Azzie Mae Starr, the defendant, is allegedly a mentally disabled, elderly lady living in Collins, Mississippi.  According to the allegations of the pleadings, on or about July 7, 2001, Starr was involved in a transaction for the purchase of a 2001 Ford truck at Laurel Ford Lincoln-Mercury in Laurel, Mississippi.  Starr was purportedly summoned to Laurel Ford on that day for the purpose of cosigning for a new truck for her friend Ezell Watts.  An installment contract and related financing papers were prepared by Laurel Ford and Ford Motor Credit Company and signed by Starr.

As it turns out, Starr was, in fact, listed as the primary purchaser of the vehicle

which she alleges she was unaware of.  Also allegedly unbeknownst to her, credit disability and credit life insurance policies were issued for Starr through Union Security Life Insurance Company.

Starr alleges that at the time of the transaction she was mentally disabled and unable to comprehend the legal consequences of the transaction.  In 2005, Starr had financial problems keeping the payments current on the subject vehicle.  She requested a copy of the paperwork involved in financing the truck and alleges that it was at this time that she discovered the allegedly fraudulent conduct of Laurel Ford, Ford Motor Credit and Union Security.  The truck was ultimately repossessed.  On September 21, 2005, Starr filed suit against Laurel Ford, Ford Motor Credit and Union Security in the Circuit Court of Jones County, Mississippi.  That suit is still pending.

On January 30, 2006, Union Security, the plaintiff here, filed the instant declaratory judgment action seeking to compel the defendant to arbitration pursuant to an arbitration agreement contained in the financing contract executed by Starr in 2001. Starr has filed the present motion to dismiss asserting that the court should abstain from hearing it because of the pending state court litigation.

The plaintiff has moved under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, for an order to compel arbitration.  Section 2 of the FAA provides:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.  The plaintiff's declaratory judgment action specifically invokes Section 4 of the Act, which provides, in pertinent part:

2

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4.

As provided for in Section 2 of the FAA, the contract in dispute must evidence a transaction involving interstate commerce. The Supreme Court has recognized that Congress meant to exercise the full extent of its powers under the Commerce Clause of the Constitution in enacting the Federal Arbitration Act. The Court has held that the FAA applies to any arbitration contract as long as the contract turns out in fact to have involved interstate commerce. *Allied-Bruce Terminex Companies, Inc. v. Dobson*, 513 U.S. 265, 130 L. Ed. 2d 753 (1995).

There is no dispute that this financing transaction involves interstate commerce sufficient to come within the FAA. The ultimately arbitrability of the underlying claim is not presently before the court. However, it is necessary for the court to determine that the ultimate resolution of this matter will require the invocation of the FAA in order to determine the proper abstention standard to apply. Concluding that this matter is indeed governed by the FAA, the court will apply the appropriate abstention standards set forth in *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) as refined in *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). *See Safety Nat. Cas. Corp. v. Bristol-Myers Squibb Co.* 214 F.3d 562, 564 (5th Cir. 2000).

Under the *Colorado River* doctrine, this court may abstain from hearing a case in only "exceptional circumstances." *See Kelly Inv., Inc. v. Cont'l Common Corp.,* 315 F.3d 494, 497 (5th Cir.2002). There are six factors which have been developed from *Colorado River* and its progeny to assist the court in determining if exceptional circumstances exist so as to allow the court to abstain from hearing a particular action. Those six factors are: (1) assumption by either state or federal court over a res; (2) relative inconvenience of the forum; (3) avoidance of piecemeal litigation; (4) order in which jurisdiction was obtained by the concurrent forum; (5) extent federal law provides the rules of decision on the merits; and (6) adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. *Stewart v. Western Heritage Ins. Co.* 438 F.3d 488, 491 (5th Cir. 2006); *see Colorado River*, 424 U.S. at 818, 96 S.Ct. 1236; *Moses H. Cone*, 460 U.S. at 23, 103 S.Ct. 927.

However, "the decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16, 103 S.Ct. 927; Further, "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River*, 424 U.S. at 813, 96 S.Ct. 1236. It has been held that Congress' intent in passing the FAA was "to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." *Moses H. Cone*, 460 U.S. at 22, 103 S.Ct. 927. To that end, "[a]llowing a federal court to order arbitration, even where a state court may construe an arbitration clause differently, is fully consistent with this

established congressional intent.*" Brown v. Pacific Life Ins. Co.*, --- F.3d ----, 2006 WL 2424749 (5th Cir. 2006).

Applying the above factors to the facts of this case, it is abundantly clear that the court should not abstain from hearing this action. There are no exceptional circumstances which warrant abstention. This is not to say that the court will ultimately order arbitration, only that the case will be allowed to proceed to the point where the court can make that decision.

IT IS THEREFORE ORDERED AND ADJUDGED that the defendant's Motion to Dismiss **[#12]** is Denied.

SO ORDERED AND ADJUDGED this the 22nd day of September, 2006.


s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE